UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BIMBER'S DELWOOD, INC.,
BISON BILLIARDS, INC.,
FIVE STAR LANES, INC.,
FOUR ACES BAR & GRILL,
KARATE KEN'S, LTD,
PHARAOHS GC, INC.,
SOONERTUNES PRODUCTIONS,
THE BODY SHOP GENTLEMEN'S CLUB, INC.,
and THE COWBOY OF CHIPPEWA, INC.,

          Plaintiffs,
  v.

**DECISION AND ORDER**
20-CV-1043S

LETITIA A. JAMES,
    *In her official capacity as the Attorney*
    *General for the State of New York*,
ANDREW M. CUOMO,
    *In his official capacity as Governor of*
    *the State of New York*,
NEW YORK STATE ASSEMBLY, and
NEW YORK STATE SENATE,

          Defendants.

On October 21, 2020, this Court granted Plaintiffs leave to file a second amended complaint after denying their request for injunctive relief and dismissing their amended complaint, which challenged certain measures taken by New York Governor Andrew M. Cuomo in response to the COVID-19 outbreak.  See Bimber's Delwood, Inc. v. James, 20-CV-1043S, 2020 WL 6158612 (W.D.N.Y. Oct. 21, 2020).[1]  Plaintiffs thereafter filed a Notice of Appeal and moved for a stay pending appeal, which this Court temporarily

---

1  Docket number 23.

1

granted pending full briefing. (Docket Nos. 24, 25, 26.) With briefing completed, this Court now finds that Plaintiffs' motion for a stay should be granted.

This Court dismissed Plaintiffs' amended complaint because it failed to plead claims under the framework governing challenges to a State's exercise of its police power during a public-health emergency. See Bimber's Delwood, 2020 WL 6158612, at *22. That framework, set forth by the United States Supreme Court in Jacobson v. Massachusetts, provides that courts are authorized to review only whether "a statute purporting to have been enacted to protect the public health, the public morals, or the public safety, has no real or substantial relation to those objects, or is, beyond all question, a plain, palpable invasion of rights secured by the fundamental law." 197 U.S. 11, 28, 31, 25 S. Ct. 358, 49 L. Ed. 643 (1905). In finding that the Jacobson standard applied, this Court rejected Plaintiffs' arguments that it did not. See Bimber's Delwood, 2020 WL 6158612, at *7-8.

In conjunction with denying Plaintiffs' motion for injunctive relief, this Court determined that "Jacobson stands as a formidable obstacle to each of the claims asserted in the amended complaint . . . [s]ince the amended complaint contains no claims properly pleaded under the Jacobson framework." See id. at 22. But rather than dismiss the case outright, this Court granted Plaintiffs leave to file a second amended complaint within 14 days. Id. Before such second amended complaint was due, Plaintiffs moved to stay their obligation to file it given their pending appeal before the Second Circuit challenging application of the Jacobson standard.

A litigant seeking to stay an order of a district court pending appeal must first move

2

for such relief in the district court. See Fed. R. App. P. 8 (a)(1)(A). A district court's power to grant a stay of its order or judgment is firmly established. See, e.g., Nken v. Holder, 556 U.S. 418, 426-27, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009) (discussing "inherent" power to stay); Jock v. Sterling Jewelers, 738 F. Supp. 2d 445, 447 (S.D.N.Y. 2010) (collecting cases). That power rests within the court's judicial discretion, the exercise of which is dependent upon the individual circumstances of each case. See Nken, 556 U.S. at 433. The party requesting a stay bears the burden of demonstrating that one is warranted. See Northwestern, 866 F. Supp. 2d at 217.

Four factors inform the decision: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987); see also Northwestern Nat'l Ins. Co. v. Insco, Ltd., 866 F. Supp. 2d 214, 217-18 (S.D.N.Y. 2011). The degree to which each factor must be present varies with the strength of the other factors, "meaning that 'more of one excuses less of the other.'" In Re World Trade Ctr. Disaster Site Litig., 503 F.3d 167, 170 (2d Cir. 2007) (quoting Thapa v. Gonzales, 460 F.3d 323, 334 (2d Cir. 2006), in turn quoting, Mohammed v. Reno, 309 F.3d 95, 100 (2d Cir. 2002)).

Assessing these factors in the instant case, this Court finds that a stay is warranted. First, a panel of the Second Circuit recently found reliance on Jacobson "misplaced" in a free-exercise-of-religion case, on the basis that Jacobson "predated the

modern constitutional jurisprudence of tiers of scrutiny, was decided before the First Amendment was incorporated against the states, and did not address the free exercise of religion."  Agudath Israel of Am. v. Cuomo, 983 F.3d 620, 635 (2d Cir. 2020) (citations omitted).  Although arising in a different context, the panel's view of Jacobson suggests that Plaintiffs could find some success on appeal.  Second, Plaintiffs have demonstrated that they will be injured in an economic sense if they are required to prepare, file, and proceed on a second amended complaint under Jacobson, particularly in light of the doubt cast by Agudath.  Third, Defendants are not substantially injured by a stay because their emergency actions remain in place.  Finally, the public interest favors a stay as it is in the interests of judicial economy, preserves judicial resources, and avoids duel-track litigation.

Accordingly, for the reasons set forth above, Plaintiffs' Motion to Stay will be granted.

IT HEREBY IS ORDERED, that Plaintiffs' Motion to Stay (Docket No. 25) is GRANTED.

FURTHER, that this action is STAYED pending the Second Circuit's resolution of Plaintiffs' appeal.

SO ORDERED.

Dated:    January 25, 2021
         Buffalo, New York

                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge

4